FILED
2011 May-10  AM 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| **TELISHA JOHNSON, as administrator** ) | |
| **for the Estate of Tekela McCoy, deceased;** ) | |
| **CHARLIE LINEBARGER, as** ) | |
| **administrator for the Estate of** ) | |
| **Bonnie Linebarger, deceased and BARBARA** ) | |
| **COX MADISON, as administrator of the** ) | |
| **Estate of Marvin Madison, deceased,** ) | |
| ) | |
| **PLAINTIFFS.** ) | |
| ) | |
| **vs.** ) | **CASE NO.:** |
| ) | |
| **McWANE CORPORATION; and** ) | |
| **McWANE Inc. d/b/a EMPIRE COKE** ) | **JURY TRIAL DEMANDED** |
| **COMPANY and McWANE CAST IRON** ) | |
| **PIPE COMPANY, Inc. and** ) | |
| **BlueCross BlueShield** ) | |
| **of Alabama, as fiduciary of an** ) | |
| **employee benefit plan of Phifer, Inc.** ) | |
| **and the UNITED STATES OF AMERICA,** ) | |
| | |
| **DEFENDANTS.** | |

._____

# COMPLAINT
_____

## JURISDICTION AND VENUE

1.  This action arises under Federal Statutes, including 42 U.S.C. 1981.  This Court has jurisdiction by way of 28 U.S.C. 1331 and 28 U.S.C. 1343.

2. This Court also has jurisdiction pursuant to 28 U.S.C. 2201 and Rule 57 of the *Federal Rules of Civil Procedure* for declaratory relief related to a controversy concerning the right of the United States to medical cost reimbursement.

3. This Court also has jurisdiction pursuant to 29 U.S.C. 1132(e)(1) in order to clarify employee benefits provided by the Employee Retirement Income Security Act (hereinafter "ERISA") of 1974, 29 U.S.C. 1001.

4. The United States of America is a real party in interest in this litigation due to its right to assert claims for benefits paid by Medicare as set out in 42 U.S.C. 1395y(b).

5. This Court has ancillary/pendant or supplemental jurisdiction of Plaintiffs' State Law Claims.

6. Some or all of the acts or omissions complained of in this action occurred in Tuscaloosa County, Alabama. The decedents whose estates are represented by Plaintiffs suffered injuries and died were in Tuscaloosa County, Alabama.  Venue is proper in the Western Division of the Northern District of Alabama.

## JOINDER

7. Joinder of the Plaintiffs is permissible pursuant to the *Federal Rules of Civil Procedure*.

## PARTIES

8. Plaintiffs bring this action as representatives and appointed administrators of the Estates of Tekela McCoy, Bonnie Linebarger and Marvin Madison, deceased. Tekela McCoy, Bonnie Linebarger and Marvin Madison were United States Citizens of African-American heritage and race who resided in a primarily African-American neighborhood in Holt Alabama for most of their lives.

9. Defendant McWane Corporation is a Delaware corporation with its principal place of business located in Birmingham, Alabama. McWane Corporation was incorporated to act as a holding company for McWane Cast Iron Pipe Company in 1930. In 1966,

Empire Coke Company, Inc. merged with McWane Cast Iron Pipe Company. McWane Corporation, McWane, Inc. d/b/ Empire Coke Company and McWane Cast Iron Pipe Company, Inc. are collectively referred to as McWane in this Complaint.

10.   Defendant BlueCross BlueShield of Alabama (hereinafter "Blue Cross") is a fiduciary as defined by 29 U.S.C. 1132 (e)(1) of an ERISA employee benefit plan of Phifer, Inc., the employer of decedent Tekela McCoy, that provided medical benefits to her for the illness that caused her death.

11.  The United States of America provided Social Security and Medicare benefits for the treatment of illnesses that resulted in the death of Marvin Madison and Bonnie Linebarger.

## COMPUTATION OF TIME AND PLEADING OF FORIEGN LAW

12.  Plaintiff's administrators and Defendant McWane have entered into an Agreement related to the computation of the time for purposes of this action, which Agreement is not in violation of any rules or policies of this Court.

13.  Plaintiffs' state law claims are subject to the discovery rule of CERCLA § 309 (42 U.S.C. 9658). The facility described in this complaint was operated by McWane and released hazardous substances into the environment and community in which Tekela McCoy, Bonnie Linebarger and Marvin Madison lived. The Decedents did not know, and reasonably should not have known the nature and extent of the substances to which they were exposed and did not know or reasonably should not have known of the cause of their cancer or leukemia until shortly before their deaths. The facility, operation of the facility and the nature of the toxic substances described in this Complaint are not subject to any exemptions or exclusions from the above Act.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

3

14.   McWane owned and operated a coke oven facility near or adjacent to the neighborhood in which Bonnie Linebarger, Tekela McCoy and Marvin Madison were born and lived much of their lives. This neighborhood is composed primarily of African-American Untied States citizens.

15.   Defendants had exclusive right of control of the facility property and coke oven operations described in this Complaint.

16.   Defendants' coke oven facility processed coal in a distillation process that released hazardous toxic substances and human carcinogens. The coking process resulted in collection of chemicals such as benzene, light oil, other polycyclic aromatic hydrocarbons, ammonia compounds, as well as other hazardous substances. The end product was carbon coke that is used in iron and steel production.

17.   Defendants sold, marketed and used coke and an array of other chemical products or by-products resulting from their coke oven operation.

18.   Defendants also created, used, stored and disposed of hazardous solid toxic waste on the facility property.

19.   McWane did not adequately train or inform their employees of the dangers associated with the chemicals used or produced in its coke oven facility and operation.

20.  McWane failed to properly train and supervise its employees and management at its Empire Coke facility. McWane did not regularly require the use of personal safety protection equipment by its workers.  This practice not only presented a danger to the workers, it also prevented workers from recognizing and respecting the dangers of the hazardous carcinogenic chemicals emitted by the coke oven operation.

4

21.   McWane management regularly told their workers and disseminated to the community what its emissions were not dangerous and would not cause ill-health effects. They made no effort to warn surrounding neighborhoods and the public of the fact that emissions from their facility were carcinogenic.

22.   Defendants knew or should have known that emissions and from their coke oven facility would cause cancer and leukemia, if released into the environment. Defendants had a duty to exercise due care to insure that emissions of hazardous substances and other carcinogenic chemicals would not contaminate, previously, presently or in the future, by leakage, migration, spillage, air, dust or other pathways the areas where decedents lived or resided.

23.   McWane knew or should have known that the coke oven process at the subject facility utilized and created materials that had identified as hazardous carcinogenic toxic chemicals and that they presented a danger to human health and life. Although not required for their coking operation, Defendants placed poly vinyl chloride, a plastic, into their coke ovens and heated it to temperatures that would cause it to combine with other hazardous substances in the ovens to create dioxins and dibenzofurans that are persistent and hazardous chemicals, even in small amounts. Defendants' facility emitted by-products of coking, coke oven emissions, dioxins and dibenzofurans as well as other toxic hazardous chemicals and waste.

24.   Upon information and belief, Plaintiffs aver that, with knowledge that claims could be made against them for environmental regulation non-compliance, personal injury and property damage, the Defendants destroyed, disposed of, concealed or failed to report material evidence or documents. Plaintiffs are entitled to the benefit of the substantive law of the State of Alabama, including an inference of Defendants' guilt, culpability or awareness of their liability because of spoliation of evidence.

5

25.  McWane had a duty to properly maintain and repair its equipment and to operate its facility a manner that would not result in release of carcinogenic chemicals into the environment. But, it did not exercise due care to prevent migration of the toxic and hazardous substances that it produced by air, wind, dust and water into neighboring residential areas.

26. Plaintiffs assert that McWane's responsibility and duty of care to operate its coke oven facility in a reasonable prudent manner was a duty not subject to delegation to others.

27.  Defendants knew or should have known that emissions released into the environment from their coke oven facility were recognized to cause cancer and other diseases and that the toxins would persist upon nearby property for a long time, once deposited.

28.  Decedents were not experts in medicine, environmental contamination, or toxic waste and did not know and reasonably should not have known the carcinogenic nature of the chemicals released into the environment by Defendants and thus did not know the cause of the disease that resulted in their death.

29.  Plaintiffs did not know, and reasonably could not have known the toxic and carcinogenic nature of the chemicals McWane released into the environment until the United States Environmental Protection Agency (hereinafter "EPA") released its toxic air inventory and it was reported in the *Tuscaloosa News*. Copies of the revealing news articles are attached hereto and incorporated by reference as Exhibits "A" and "B".

30.  McWane and its subsidiaries are a habitual offender of Federal Environmental Criminal Statutes and have incurred at least five (5) felony convictions for environmental crimes directed toward African American neighborhoods. McWane has

engaged in a pattern and practice of ignoring environmental standards for their facilities located in predominately African American areas.

31.  McWane's directors, officers, owners and upper-level management are white. Management at the Holt facility was white. Most labor level employees were African American.

32.  The neighborhood surrounding the McWane facility is composed of persons who are predominately African American in race.

33.  Plaintiffs allege that McWane's decisions, acts or omissions described in this Complaint were racially disparaging and discriminatory against Decedents and their neighborhood because of their race. The acts and omissions of McWane, as described in this complaint, had a racially discriminatory result and impact upon Tekela McCoy, Bonnie Linebarger and Marvin Madison resulting in their injury and death.

34.  McWane had knowledge of the racial discriminatory practices described in this Complaint and had the power and ability to prevent injury and contamination of neighborhoods in which the Decedents lived, but it negligently failed or refused to act.

35.  The decedents were deprived of equal protection of the law because of their race and the race of the residents of the neighborhood in which they were born and lived, because of the discriminatory practices of McWane.

36.  As a proximate consequence of cancer that was caused by exposure to hazardous substances released from the McWane facility into the environment, Tekela McCoy died on or about October 2, 2009; Bonnie Linebarger died on or about February 25, 2010; and Marvin Madison died on or about December 23, 2009.

# CAUSES OF ACTION

## Request for Declaratory Relief

37.  Plaintiffs seek damages for the deaths of Tekela McCoy, Bonnie Linebarger and Marvin Madison caused by violation of Federal Civil Rights Statutes and by violation of the Alabama Wrongful Death Statute.

38.  The Alabama Wrongful Death Statute provides for punitive damages only in order to prevent further deaths by punishing the conduct of wrongdoers.  It does not provide for the recovery of medical expenses incurred to treat the injuries that caused the death.

39.  Plaintiffs' claims for violation of the Civil Rights Statutes as set out in this complaint may or may not result in the recovery of medical expenses incurred prior to death of the Decedents.

40.  Federal statutes provide that the United States is entitled to subrogation and recovery of medical expenses that were paid by Medicare when those expenses are recovered from responsible third parties. The Medicare statutes provide that the United States is entitled to attorneys fees and penalties if those expenses are recovered from third parties and are not reported and paid to the government. In the past, the United States has brought suit in this Court against former plaintiffs and other attorneys for failure to reimburse the government in other cases.

41.  There exists a justiciable controversy over whether or not the United States is entitled to recoupment of medical expenses of the decedents paid by Medicare prior to their deaths.

42.   There exists a justiciable controversy over whether or not Phifer, Inc. via Blue Cross as fiduciary of their employee heath-care benefit plan is entitled to recoupment of the medical expenses of Tekela McCoy for treatment of cancer prior to her death.

43.   In the event Plaintiffs make a recovery for wrongful death and/or violation of civil rights, they would be subject to a real, immediate and substantial risk of harm and liability if the rights of the United States and Blue Cross as fiduciary of the Phifer employee benefit plan, were not determined.   Wrongful failure to reimburse the United States or employee benefit plans may result in substantial costs and penalties, greater than the amount of recoupment claimed by them, even if those rights were not clearly defined by law.

44.   Plaintiffs assert that the United States and Blue Cross are not entitled to reimbursement or recoupment of medical expense under the theories and causes of action set out in this Complaint. However, there is an actual justiciable case of controversy presently in existence.

45.   It is proper and prudent for Plaintiffs to obtain declaratory judgment in order to resolve the controversy set out above.

## Negligence

46.   Defendant had a duty to conduct its operations at the Holt Empire Coke facility in such manner as to prevent the exposure of Tekela McCoy, Bonnie Linebarger and Marvin Madison, deceased, and their homes to contamination in the form of carcinogenic and hazardous substances.

47.   Defendants breached their duty by operating and managing the facility in such a manner as to negligently cause, permit or allow both sudden and continuing releases

of carcinogenic substances into the environment or by failing to take reasonable steps to prevent release of toxic chemicals.

48.   McWane breached its duty of care and, as a proximate consequence, Tekela McCoy and Bonnie Linebarger contracted cancer, and Marvin Madison contracted leukemia that resulted in their deaths.

## Negligent Hiring, Selection and Supervision

49. Production of coke and carcinogenic chemicals is a dangerous activity that requires special skill and knowledge in order to avoid causing severe personal injury and property damage.

50.   Defendants breached their duty to properly hire, supervise, train and instruct facility contractors, management and employees.

51.   Defendants breached their duty to inform employees at the Empire Coke facility and the surrounding community of the dangerous and hazardous nature of emissions from its facility and the dangerous nature of the chemicals produced and stored there.

52.   As a proximate consequence of Defendants aforestated negligence, Tekela McCoy and Bonnie Linebarger suffered cancer and Marvin Madison suffered leukemia that resulted in their deaths.

## Trespass and Battery

53.   The conduct of Defendants described in this Complaint was an unauthorized and wrongful invasion of the residences and bodies of Tekela McCoy, Bonnie Linebarger and Marvin Madison.

10

54.   Defendants intentionally, recklessly or wantonly trespassed upon Decedents' residences and committed battery to their persons.

55.   As a proximate consequence of Defendants trespass and battery, Tekela McCoy, Bonnie Linebarger and Marvin Madison suffered injuries that resulted in their deaths.

## Strict Liability

56.   Defendants engaged in an ultra-hazardous and dangerous activity, to wit, coke and carcinogenic chemical production.

57. Defendant's carcinogenic chemicals migrated from their facility and came in contact with Tekela McCoy, Bonnie Linebarger and Marvin Madison.

58.   As a result of contact with the hazardous chemicals released by Defendants into the environment, Tekela McCoy, Bonnie Linebarger and Marvin Madison suffered injuries that caused their deaths.

## Reckless and Wanton Conduct

59.  Defendants knew or should have known that as a result of their failure to act with requisite due care and/or to inform the community near their facility of the dangerous nature of coke oven emissions that toxic chemicals emerging from the Empire Coke facility would cause death or serious health effects to persons living in the area.

60.  Despite such knowledge, Defendants recklessly and wantonly and with reckless disregard for the consequences of their acts or omissions, failed to take action to prevent injuries and damages to Decedents and others similarly situated.

61.  As a proximate consequence of Defendants' reckless and wanton conduct, Tekela McCoy, Bonnie Linebarger and Marvin Madison suffered injuries that resulted in their deaths.

## Nuisance

62.  McWane knew or should have known that its acts or omissions and the manner in which it operated its Holt Empire Coke facility would cause harm to persons residing in nearby neighborhoods.

63.  The pollution emitted into the air by McWane was of such a nature as to interfere with human life and existence.

64.  McWane's acts or omissions resulted in the deaths of Tekela McCoy, Bonnie Linebarger and Marvin Madison.

## Action Under 42 U.S.C. 1981 and Civil Rights Statutes

65.  Plaintiffs have been subjected to the damages and injuries set out in this Complaint by the actions of McWane, because of their race.

66.  Tekela McCoy, Bonnie Linebarger and Marvin Madison's right to own, use, contract for and enjoy housing and homes was disparagingly impacted by the discriminatory practices of McWane that were directed to African-American neighborhoods to such an extent that it resulted in their deaths. McWane's acts resulted in deprivation of Decedents right to equal housing and a safe place to live and reside, because of their race.

67.  McWane has engaged in a nationwide pattern and practice of racial discrimination by failing to control environmental hazards emitted by McWane facilities adjacent to African-American neighborhoods.

68.  McWane had knowledge of the wrongs being conspired to be done by their management and contractors and had the power and ability to prevent or aid in preventing injury to Tekela McCoy, Bonnie Linebarger and Marvin Madison.

69.  McWane neglected to prevent the wrongful acts that caused the deaths of Tekela McCoy, Bonnie Linebarger and Marvin Madison because of their race.

70.  McWane has been convicted of at least five felonies for environmental crimes that resulted in harm to African-American United States citizens or their property at other McWane locations.

71.  The practices of McWane indicate a clear disregard for the rights, properties and lives of African-American United States citizens. McWane facilities near white neighborhoods are managed differently.

72. Decedents had the same, full and equal benefit of law provided all United States citizens. Defendants' acts or omissions were the result of racial discrimination and had a disparaging racial impact.

73.  The damages and injuries described in this Complaint were the proximate consequence of the discriminatory and racially disparaging conduct and impact caused by Defendants and directed to Decedents and their community because of their race.

74.  As a proximate consequence of Defendants' disparaging discriminatory conduct directed to Decedents and their neighborhood because of their race, Decedents were caused to suffer the injuries and damages set out in this Complaint.

13

# DAMAGES

75. As a proximate consequence of the wrongful acts or omissions of McWane, Tekela McCoy, Bonnie Linebarger and Marvin Madsion suffered injuries that resulted in their deaths.

76.  The Decedents represented by Plaintiffs were caused to incur medical expense and loss of earnings and were caused to suffer damage, injury, pain and death, as described in this Complaint, as a result of racial disparaging conduct and racial discrimination. Plaintiffs are entitled to recover compensatory damages, funeral expenses, punitive damages, medical expenses, attorneys fees and costs under Title 42 Section 1981 of the United States Code and under other federal statutes that protect civil rights or provide for recovery of damages caused by racial discrimination.

77.  Plaintiffs make no claims for damages against the United States and Blue Cross. But, Plaintiffs would be subject to a real, immediate and substantial risk of harm and liability if the rights of United States and Blue Cross as fiduciary of the Phifer employee benefit plan were not determined. Plaintiffs seek declaratory relief in order to determine the rights of the United States and Blue Cross as fiduciary of the Phifer employee benefit plan.

78.   Plaintiffs are entitled to recover punitive damages for claims made under the Alabama Wrongful Death Statute. Plaintiffs seek punitive damages to be imposed for the purpose of preservation of human life and as a deterrent to others to prevent similar wrongs, to be related to the amount of wrongdoing on the part of defendants.

79.  Plaintiffs are entitled to attorneys' fees and costs of prosecuting this action.

14

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand economic, compensatory and punitive damages from Defendants to be determined by the trier of fact.

Plaintiffs further pray that this Honorable Court will issue declaratory and injunctive relief in order to declare and determine Plaintiffs' rights, responsibilities and/or liabilities to Blue Cross as fiduciary of the employee benefit plan of Phifer, Inc. and to the United States for medical expenses paid by Medicare and Blue Cross to treat Decedent's injuries prior their deaths.

Plaintiffs request award of attorneys' fees and costs.

/s/ *James C. King*
Alabama Bar No.: (KIN007)
James C. King
1824 3rd Avenue South
PO Box 1688
Jasper AL 35502-1688
Phone: 205-221-3500
Fax: 205-221-3581
Email: jimmy@jasperlawyers.com

/s/ *W. Eason Mitchell*
W. Eason Mitchell
(ABS-9587-C42W)
2600 7th Street
Tuscaloosa, AL 35401
Phone: 205-349-1044
Fax: 205-349-1779
Email: easonmitchell@bellsouth.net

**PLEASE TAKE NOTICE THAT PLAINTIFFS DEMAND TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CAUSE.**

/s/ *James C. King*
Of Counsel